HEARD NOVEMBER TERM, 1878.

CASE No. 719.

ISAAC STANDRIDGE v. ROBERT POWELL AND THOMAS POWELL.

In an action by assignee of a sealed note, defendant may prove loss of receipt given him by assignor at the time of trial deceased, but may not testify as to its contents.

Before MACKEY, J., at Oconee, March, 1878.

The opinion of the court states the whole case.

*Mr. J. J. Norton,* for appellant.

*Messrs. W. C. Keith* and *S. P. Dendy,* for respondent.

April 18th, 1879. The opinion of the court was delivered by

HASKELL, A. J. This was an action on a sealed note assigned to the plaintiff for value. The note was admitted, but payment pleaded, it being alleged in the answer that the original payee, the assignor, had given a receipt in full to one of the defendants, but that the receipt had been lost, mislaid or destroyed. At the trial Robert Powell offered to prove that he had in his " possession a receipt signed by E. Hughes, the payee of the note, who was dead at the time of the trial, in full thereof, but that the receipt was now lost. Plaintiff objected to the competency of the witness to testify in regard to the receipt. The court overruled the objection and plaintiff excepted." That is the case as stated by the appellant. If Robert Powell had in his actual possession, at the time of the trial, a receipt in full from E. Hughes, it cannot be for a moment contemplated that he would have been prevented by Section 415 from putting it in evidence, but he would have been obliged to prove the handwriting by another person, or by other testimony than his own. But the paper, after being proved, would testify in regard to itself. If, however, such receipt had been lost, Section 415 has nothing to do with proof of the loss. Proof of the loss is no evidence of the contents of the paper, and, therefore, cannot be evidence " in

regard to any transaction or communication." And, by the law of evidence, as it stood prior to the admission of any parties in interest to testify in their own behalf, a party in interest was generally allowed to prove the loss of an instrument in writing, after due notice, &c., and after proof of its previous existence, because, by the nature of things, he alone could prove such a fact, when, as was usually the case, the loss was out of his own custody. 1 *Greenl.*, § 349. The law is unchanged in this respect by the code. That is to say, it is returned to the condition in which it was prior to the act of 1866, excluding no witness on account of interest. The defendant, therefore, had a right to testify as to the loss of the receipt, but he had no right to be a witness to prove the contents of the receipt. The object of the proof of the loss is to let in secondary evidence of the contents of the paper, which, if in possession of the owner, would speak for itself; such secondary evidence cannot be given by a witness to whom Section 415 of the code will apply, for a receipt is unquestionably a transaction between the parties interested in it, and there would be no difference between proving the contents of such a paper lost, and amplifying or explaining the contents of such a paper in existence. In fact, the reasons against the former are much stronger than against the latter. In the case before us, however, the exception was taken even to the proof of the loss of the paper, and not solely to the proof of the contents, or, to say the least, the distinction is not clearly drawn, the words being "plaintiff objected to the competency of the witness to testify in regard to the receipt." Certainly the witness was competent to prove several important facts with regard to the paper. The demand was that he should be excluded altogether. If objection had been made to his proving the contents of the paper, (after proof of the loss,) such objection to the witness may have been sustained by the judge. The point, however, was not made. It is possible that after proof of the loss the defendant may have been able, had he been excluded, to produce other and admissible secondary evidence.

Under the circumstances the judgment must be affirmed.

*Motion refused.*

WILLARD, C. J., and McIVER, A. J., concurred.